IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **TRACY DALE LAMBERT,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No.: |
| **AKOSUA LUSIETTO PORCH, KNIGHT TRANSPORTATION, INC., ET AL.** | ) Removed from the Circuit Court of Calhoun County, Alabama Civil Action No.: 11-CV-2022-900559 |
| **Defendants.** | ) |

## NOTICE OF REMOVAL

COME NOW Defendants, **KNIGHT TRANSPORTATION, INC.** (hereinafter "Knight"), **AKOSUA LUSIETTO PORCH**, and **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** (hereinafter "State Farm") (collectively, "Defendants"), and, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, file this Notice of Removal of the foregoing cause from the Circuit Court of Calhoun County, Alabama, to the United States District Court for the Northern District of Alabama, Eastern Division.  As grounds for removal, Defendants state as follows:

{DOC# 00720202}

## I. INTRODUCTION

1.  Plaintiff Tracy Dale Lambert initiated this civil action against Defendants and fictitious defendants on or about November 29, 2022, in the Circuit Court of Calhoun County, Alabama, Civil Action No. 11-CV-2022-900559. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, as well as copies of all process and other papers on file in the record of the state court action, which are within the possession, custody and control of Defendants, are attached hereto as Exhibit "A." The case action summary for this case, from the State Judicial Information System website, Alacourt.com, is attached hereto as Exhibit "B."

## II. DIVERSITY OF CITIZENSHIP

2.  Defendants file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 and assert federal diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. This action could have originally been brought in this Court pursuant to 28 U.S.C. § 1332. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1), as complete diversity of citizenship exists between the Parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. **The parties are diverse.**

3.  For purposes of diversity jurisdiction, citizenship of the parties is determined as of the time the complaint is filed. *Harris v. Garner*, 216 F.3d 970,

983 (11th Cir. 2000) (quoting and citing *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991); *Wichita R.R. & Light Co. v. Public Utilities Comm'n of Kansas*, 260 U.S. 48, 54 (1922)).

4. An individual, for diversity jurisdiction purposes, is a citizen of a State if he or she is a citizen of the United States and a domiciliary of that State. *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001). Domicile is determined by two factors: residence and intent to remain. *Id.; Scoggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir. 1984).

5. A corporation, for diversity jurisdiction purposes, is deemed to be a citizen of both its state of incorporation and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where the corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). *See also Annon Consulting, Inc. v. Bionitrogen Holdings Corp.*, 650 Fed. Appx. 729, 731 (11th Cir. 2016). In practice, this should normally be where the corporation maintains its headquarters. *Id.*

6. Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of fictitious defendants named in Plaintiff's Complaint "shall be disregarded" in determining whether this civil action is removable based on diversity jurisdiction.

7. Plaintiff Tracy Lambert is a resident and citizen of the State of Alabama. (Ex. 1, Compl. at ¶ 1).

8. Plaintiff initiated this action against three named defendants: Knight, Akosua Lusietto Porch, and State Farm Mutual Insurance Company.

9. As of the filing date of this Notice of Removal, Knight has been served. (Ex. B, Case Action Summary). Knight was incorporated in Arizona and its principal place of business is 5601 W Buckeye Rd, Phoenix, Arizona, 85043. Thus, for diversity purposes, Knight is a citizen of Arizona.

10. Defendant Akosua Lusietto Porch has also been served at the time of filing this Notice of Removal. (Ex. B, Case Action Summary). Porch is a resident and citizen of the State of Illinois. (Ex. A, Compl. at ¶ 2).

11. Defendant State Farm has also been served at the time of filing this Notice of Removal. (Ex. B, Case Action Summary). State Farm was incorporated in Illinois and its principal place of business is One State Farm Plaza, Bloomington, Illinois, 61710. Therefore, State Farm is a citizen of Illinois for diversity purposes.

12. Plaintiff also sued fictitious defendants, however, for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. 1441(b)(1).

13. Because Plaintiff is a citizen of Alabama and no defendant is a citizen of Alabama, complete diversity of citizenship exists.

B. **The amount in controversy is satisfied.**

14. **Pursuant to 28 U.S.C. § 1332(a)(1), the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.** The longstanding federal rule for determining the amount in controversy is to examine the plaintiff's complaint. *See, e.g., Lindsay v. American General Life & Accident Ins. Co.*, 133 F. Supp. 2d 1271, 1275 (N.D. Ala. 2001) (citations omitted). Here, however, Plaintiff does not specify in the Complaint the total amount of damages he seeks against Defendants, only that the amount in controversy is more than $10,000, exclusive of cost and fees. (Ex. A, Compl. at ¶ 12). The Eleventh Circuit precedent provides that where, as here, a plaintiff makes an unspecified demand for damages in state court, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F. 3d 1058, 1061 (11th Cir. 2010) (*quoting Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)). In some cases, this burden will require the removing defendant to provide additional evidence, but in other cases "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" *Id.* (*quoting Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (citations omitted)).

15. The Eleventh Circuit Court of Appeals has stated if a defendant alleges that removability is facially apparent from the complaint, "the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden." *Id.* The district court is not bound by the plaintiff's representations and does not have to assume the plaintiff is best able to evaluate the amount of damages sought. *Id.* (*citing Pretka*, 608 F.3d at 771). The Eleventh Circuit Court of Appeals further stated:

> **Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable.** Put simply, a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.' Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Id.* at 1061-62 (citations omitted) (emphasis added). The rationale for this rule is in part to prevent plaintiffs from defeating a court's statutory right to hear a case through artful pleading that does not specify the value of the claimed damages. *Id.* at 1064.

16. Recent cases are helpful in determining the amount in controversy where, as here, a plaintiff fails to make a specific demand for damages in the complaint. One such case explained the impact of amended 28 U.S.C. § 1446, stating "[w]hen Congress enacted this most recent amendment to § 1446, it did not

intend to require the court to which the case is removed to do more than to exercise reasonable judgment, based on the allegations in the complaint, and other undisputed facts." *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Al. 2012). In *Smith*, the court went on to state that where the complaint does not contain an *ad damnum* clause, "the court is allowed reasonable deductions and extrapolations." *Id.* at 1335. **The *Smith* court further stated "[t]his court is informed and verily believes that Congress amended 28 U.S.C. § 1446 in order to slow down, if not to prevent," the remand of diversity cases "where there is no *ab* (sic) *damnum* clause, but where the parties and the court know from their exercise of good sense and experience that the claim exceeds $75,000."** *Id.* Perhaps more importantly, the *Smith* court stated the following:

> The court is willing to go so far as to inform plaintiffs like Smith, who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, **must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more.** Otherwise, a plaintiff will find herself in a federal court, which is now saddled by Congress with a new and heavy burden.

*Id.* (emphasis added). Finally, the *Smith* court noted in a case such as this one, if the defendant had waited for limited discovery in state court to prove the plaintiff's claim exceeded $75,000, the defendant would be facing a motion to remand for untimely removal rather than for lack of subject-matter jurisdiction. *Id.* at 1334-35.

17. Also helpful is *Bush v. Winn Dixie Montgomery, LLC*, wherein the court noted that prior to the decision by the Eleventh Circuit Court of Appeals in *Roe v. Michelin North American, Inc.*, 613 F.3d 1058 (2010), a complaint filed without an *ad damnum* clause would have invited a defendant to use discovery admissions to establish the amount in controversy prior to removal, as was done by the *Bush* defendant. *See* 132 F. Supp. 3d 1317, 1318 (N.D. Ala. 2015). The court further explained the Eleventh Circuit Court of Appeals "took corrective steps," because federal judges in Alabama "were routinely remanding diversity cases for lack of a clear appearance of the jurisdictional amount in the state court complaint." *Id*. The *Bush* court noted the Eleventh Circuit, which binds federal courts in Alabama:

> finally acknowledged the self-evident, namely, that a plaintiff like Bush, **who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000.**

*Id.* (emphasis added).

18. As another example, Defendants point this court to *Seckel v. Travelers Home & Marine Ins. Co.*, 4:12-cv-4163-KOB, 2013 U.S. Dist. LEXIS 11582 (N.D. Ala. Jan. 29, 2013). In *Seckel*, the court found that, although the plaintiff only claimed $26,430 in damages in his state court complaint, the unspecified damages the plaintiff sought for alleged emotional distress and unjust enrichment allowed the

defendant to meet the amount in controversy requirement. *See* 2013 U.S. Dist. LEXIS 11582, *5. The Court held that, "[w]ithout an affidavit from [the plaintiff] stating that he will not claim any more than $74,999.99 from Travelers in damages, this court has jurisdiction over the case and DENIES [the plaintiff's] motion to remand." *Id.*

19. As a final example, Defendants refer to *Sullins v. Moreland*, 511 F. Supp. 3d 1220 (M.D. Ala. 2021). In *Sullins*, the court found that the plaintiff's addition of an underinsured motorist claim against his insurance carrier was probative to determine whether the required amount in controversy existed. *See* 511 F. Supp. 3d at 1231. Because, by definition, underinsured motorist coverage is coverage in excess of liability coverage, the court concluded that the amount in controversy "more likely than not exceeded the jurisdictional amount." *Id.* at 1232.

20. **Here, it is facially apparent from Plaintiff's Complaint that the amount in controversy exceeds $75,000.** This action arises out of an alleged tractor-trailer accident that occurred on October 3, 2022, in Calhoun County, Alabama. (Ex. A, Compl. at ¶ 6). Plaintiff alleges that Defendant Porch "was operating an 18-wheel tractor trailer [owned by Knight] at or near Highway 78 when she pulled out in front of Plaintiff Lambert" and "caused the truck she was driving to collide with the automobile driven by Plaintiff Lambert." (Ex. A, Compl. ¶ 8).

**Plaintiff alleges that he suffered severe and permanent injuries from the accident.** (Ex. A, Compl. ¶ 9).

21.  Plaintiff sets forth the following claims in his Complaint: Count One—Negligence; Count Two—Wantonness; Count Three – Negligent Hiring, Training, and Supervision; and Count Four – Underinsured Motorist Claim. (Ex. A, Compl. ¶¶ 13-26). Plaintiff does not demand a specific amount of damages in his Complaint, only that the amount in controversy is more than $10,000, exclusive of cost and fees. (Ex. A, Compl. at ¶ 12). He also fails to disclaim the right to, or acceptance of, damages exceeding $74,999.99.

22.  Plaintiff claims the alleged accident caused him to sustain severe and permanent injuries. (Ex. A, Compl. at ¶¶ 9, 15, 18). Plaintiff also claims compensatory damages in such amounts "which will fully compensate him for his loss," and "the costs of this action." (Ex. A, Compl. at ¶ Prayer for Relief). In addition, punitive damages could be available for his wantonness claim pursuant to the conditions set forth in *Ala. Code* § 6-11-20.

23.  Similar to the cases above, Plaintiff claims he sustained substantial personal injuries as a result of the Defendants' alleged negligent and wanton behavior. These claimed damages include Plaintiff's claimed damages for future medical bills, pain and suffering, and punitive damages. Plaintiff has also waged an underinsured motorist claim against State Farm, which, pursuant to *Sullins*, shows

Plaintiff's claimed damages and the amount in controversy exceed the jurisdictional amount. In sum, Plaintiff is "realistically hoping to recover more than $75,000," and the amount in controversy requirement is satisfied here.

24.     This Notice of Removal is filed in the United States District Court for the Northern District of Alabama, Eastern Division, within the time allowed by law for the removal of actions to the United States District Courts. Knight was served with the Summons and Complaint on or about November 30, 2022. (Ex. A, Notice of Service for Knight). State Farm was served with the Summons and Complaint on or about December 5, 2022. (Ex. B, Case Action Summary). Porch was served with the Summons and Complaint on or about December 13, 2022. (Ex. B, Case Action Summary). This Notice of Removal is timely because it is filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Accordingly, the prerequisites for removal pursuant to 28 U.S.C. § 1441 have been met.

25. Under 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." Defendant State Farm and Defendant Porch have each consented to and joined in this Notice of Removal. Therefore, the requirements of 28 U.S.C. § 1446(b)(2)(A) are satisfied.

26. Without waiver of any defenses or objections including, but not limited to, improper process, improper service of process, improper venue, and lack of personal jurisdiction, Defendants submit this Notice of Removal.

27. Pursuant to 28 U.S.C. § 1446(d), Defendants show a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Calhoun County, Alabama, with a copy of the Notice of Filing Notice of Removal attached hereto as "Exhibit C". Further, Defendants represent to this Court that a copy of this Notice of Removal is also being served upon counsel for Plaintiff.

Respectfully submitted,

*s/ Pamela Springrose Hallford*
Pamela Springrose Hallford(asb-0481-m45s)
Attorney for Knight Transportation, Inc.

**OF COUNSEL:**

**CARR ALLISON**
200 Grove Park Lane
Suite 210
Dothan, Alabama 36305
Telephone:  (334) 785-2193
Facsimile:   (334) 712-0902
E-mail:       pshallford@carrallison.com

                    *s/ Sara Elizabeth DeLisle*
                    Sara Elizabeth DeLisle (asb-8051-s81d)
                    Attorney for Knight Transportation, Inc.

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:  (205) 822-2006
Facsimile:  (205) 822-2057
E-mail:  sbdelisle@carrallison.com

                    *s/ William H. McKenzie, IV*
                    William H. McKenzie, IV
                    Attorney for Defendant
                    Akosua Lusietto Porch

**OF COUNSEL:**
Norman, Wood, Kendrick & Turner
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
WHM@nwkt.com
(205) 328-6643 (Phone)
(205) 251-5479 (Fax)

                    *s/ Alex L. Holtsford, Jr.*
                    Alex L. Holtsford, Jr.
                    Attorney for Defendant
                    State Farm Mutual Automobile
                    Insurance Company

**OF COUNSEL:**
Holtsford Gilliland Higgins Hitson & Howard, P.C.
PO Box 4128
Montgomery, AL 36103-4128
aholtsford@hglawpc.com
(334) 215-8585 (Phone)
(334) 215-7101 (Fax)

{DOC# 00720202}                13

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 22nd day of December 2022, the foregoing document was electronically filed with the Clerk of this Court, and served upon the following using the CM/ECF system:

Warner O. Hornsby
Beasley, Allen, Crow,
Methvin, Portis & Miles, P.C.
*Attorney for Plaintiff*
P.O. Box 4160
Montgomery, AL 36103-4160
Warner.Hornsby@beasleyallen.com
(334) 269-2343 (Phone)
(334) 954-7555 (Fax)

                                                     *s/ Sara Elizabeth DeLisle*
                                                     OF COUNSEL